ESTATE OF EUGENE A. ELDRED, DECEASED, LOUISE LEE ELDRED, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Eldred v. Commissioner
Docket No. 10547-87.
United States Tax Court
T.C. Memo 1989-293; 1989 Tax Ct. Memo LEXIS 293; 57 T.C.M. (CCH) 721; T.C.M. (RIA) 89293; June 15, 1989. Clarence E. Fleming, Jr., for the petitioner. Marilyn Devin, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $ 60,378.46. After concessions, the issue for decision is the determination of the correct estate tax marital deduction to which petitioner is entitled. The parties submitted this case fully stipulated pursuant to Rule 122. [1] The stipulation of facts and attached exhibits are found accordingly and are incorporated herein by this reference. *295 Petitioner is the Estate of Eugene A. Eldred. Louise Lee Eldred is both the executrix of petitioner and the surviving spouse of Eugene A. Eldred (decedent). At the time of his death, decedent resided in California. At the time the petition was filed in this case, Louise Lee Eldred resided in Pasadena, California. Decedent had been a banker for 27 years, and had been employed by Security Pacific Bank as a trust officer up to the time of his death on May 3, 1982. Decedent executed his will on February 12, 1982, and did not amend or revoke his will prior to his death. In his will, decedent made a specific bequest to his wife of all "household furniture and a furnishing (sic) and personal furnishings as well as any automobiles in which I may have an interest." Decedent's will also provided a bequest of property to the Eugene A. Eldred Trust (the Trust) for the benefit of his wife in accordance with a formula as follows: I give, devise and bequeath all of the rest, residue and remainder of my estate to the successor Trustee under the EUGENE A. ELDRED TRUST declared by me in 1982, to be held, managed and distributed in accordance with the terms and provisions thereof as a part *296 of said Trust and not as a separate or testamentary trust. For purposes of distribution to said Trustee, my Executrix shall divide the residue of my estate into two shares as follows: A. Share No. 1 shall consist of my wife's share of community property, if any, if she shall consent that such share pass under the provisions of this Will as well as property qualifying for the marital deduction, of a value (less encumbrances) which when added to the value (less encumbrances) of all other property so qualifying and included in my gross estate which passes or has passed to my wife under any other provision of this Will and otherwise than under this Will, shall equal but not exceed in value one-half of my (so qualifying) adjusted gross estate as the term is defined in the Internal Revenue Code. [Emphasis added.] * * * B. Share No. 2 shall consist of all of the remainder of the residue of my estate. In distributing the residue of my estate, consisting of shares No. 1 and 2, my Executor shall identify the two shares in the instrument of transfer with instructions that Share No. 1 be added to Trust A and that share No. 2 be added to Trust B. Accordingly, pursuant to *297 decedent's will, decedent's assets which do not become the corpus of Trust A become the corpus of Trust B. Article II of the Trust sets forth the provisions relating to "Trust A" and "Trust B" referred to in decedent's will quoted above. With respect to Trust A, the surviving spouse is granted a life estate in Trust A assets coupled with a general power of appointment, inter vivos and testamentary. The parties agree that the value of the property passing pursuant to decedent's will to Trust A (hereinafter referred to as the marital trust) qualifies for the marital deduction pursuant to section 2056(b)(5). The parties disagree, however, in interpreting decedent's will, as to the value of the property that was intended by decedent to be distributed to the marital trust. Thus, the parties dispute the value of that part of decedent's gross estate which qualifies for the marital deduction. With respect to Trust B, Article II of the Trust provides that decedent's wife is granted a life estate in the Trust B assets. The trustee of Trust B was granted a discretionary power, subject to certain limitations, to invade corpus for the benefit of the wife. Upon the death of the wife, the *298 principal of Trust B is to be divided into separate trusts for the benefit of the children of decedent and his wife. The parties agree that the value of the property distributed pursuant to decedent's will to Trust B does not qualify for the marital deduction. The dispute in this case centers around the meaning of decedent's use in his will of the phrase "one-half of my (so qualifying) adjusted gross estate as the term is defined in the Internal Revenue Code" to describe the amount decedent intended to pass to the marital trust. Petitioner asserts that the term "adjusted gross estate" used by decedent in his will in bequeathing an amount to the marital trust, is synonomous with and refers to decedent's "gross estate" unreduced by the value of decedent's one-half share of the community property included in decedent's gross estate. Petitioner asserts that since the undisputed value of decedent's gross estate is $ 1,227,787.64, one-half of that amount or $ 613,893.82, is equal to the amount passing to the marital trust and thus the amount qualifying for the marital deduction. Respondent asserts that "adjusted gross estate" is a term of art familiar to decedent as a bank trust officer *299 and that such term is defined in section 2056(c) and is not synonomous with the value of decedent's gross estate. [2] However, as petitioner correctly points out, section 2056(c) was repealed by section 403(a)(1)(A), Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 305, effective with respect to estates of decedents dying after December 31, 1981. After 1981, section section 2056(a) provided for an unlimited marital deduction. Under section 2056(c)(1), as in effect for less than two *300 months prior to the date decedent executed his will, the maximum estate tax marital deduction that an estate could claim prior to December 31, 1981, was limited to the greater of $ 250,000, or 50 percent of the value of the decedent's adjusted gross estate. The term adjusted gross estate, for estates with community property, was defined, as is relevant to this case, in section 2056(c)(2)(B) as follows: (B) SPECIAL RULE IN CASES INVOLVING COMMUNITY PROPERTY. -- If the decedent and his surviving spouse at any time, held property as community property under the law of any State, or possession of the United States, or of any foreign country, then the adjusted gross estate shall, for purposes of subsection (c)(1), be determined by subtracting from the entire value of the gross estate the sum of -- (i) the value of property which is at the time of the death of the decedent held as such community property; and * * * (iv) an amount which bears the same ratio to the aggregate of the deductions allowed under sections 2053 and 2054 which the value of the property included in the gross estate, diminished by the amount subtracted under clauses (i), (ii), and (iii) of this subparagraph, *301 bears to the entire value of the gross estate. Thus, pursuant to section 2056(c)(2)(B)(i), a decedent's community property interest is excluded in computing the 50 percent of the adjusted gross estate marital deduction limitation applicable before the amendment enacted by ERTA. If section 2056(c)(2)(B) was intended, as respondent contends, to be decedent's definition for the term "adjusted gross estate," the dollar amount of decedent's adjusted gross estate, for purposes of computing the one-half of adjusted gross estate to be distributed to the marital trust, would be computed as follows: Gross Estate
$ 1,227,787.64
Less:
Decedent's one-half share of
458,271.01
community property
Portion of debts allocable to
39,255.95
decedent's separate property
Adjusted Gross Estate
$   730,260.65
Accordingly, respondent asserts that one-half of the $ 730,260.65 adjusted gross estate as defined by section 2056(c)(2)(B), or $ 365,130.32, would be the amount that decedent passed to the marital trust and also the amount that qualified for the marital deduction. In sum, if decedent intended the term *302 adjusted gross estate to be synonomous with gross estate, as petitioner argues, petitioner's marital deduction is equal to $ 613,893.82. If respondent is correct and decedent intended the term adjusted gross estate to refer to adjusted gross estate as defined in section 2056(c), then petitioner's marital deduction is equal to $ 365,130.32. Under California law, a decedent's will is to be interpreted in accordance with his intent, as expressed in the words of the instrument. See and cases cited therein. We find that decedent's intent in this case was to pass one-half of his adjusted gross estate as such term is defined by section 2056(c) to the marital trust. Thus, we find that petitioner is entitled to claim a marital deduction equal to $ 365,130.32. However, we find no ambiguity expressed in decedent's will by the use of the phrase "adjusted gross estate as that term is defined in the Internal Revenue Code." Although decedent executed his will after the effective date of the repeal of section 2056(c), it is clear that the will was carefully drafted to incorporate the pre-ERTA definition of the term "adjusted gross *303 estate" to define as the portion of his estate that decedent intended to pass to the marital trust. Decedent's intent in the words chosen in his will are clear. Accordingly, we hold that the amount petitioner intended the marital trust to receive and the amount qualifying for the marital deduction is $ 365,130.32. To reflect the foregoing and concessions, Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of decedent's death.↩
2. Other than its use in repealed section 2056(c), the term adjusted gross estate no longer had relevance in the Federal estate tax area with respect to the amount that may be deducted as a marital deduction on the date of decedent's death and on the date decedent executed his will. A definition of adjusted gross estate is found in section 6166 which involves the extension of time for the payment of estate tax where the estate consists largely of an interest in a closely-held business. However, neither party has argued that decedent intended that the definition of adjusted gross estate in section 6166 to be controlling as to the amount intended to be passed to the marital trust.↩